Stephen A. Chiari (SBN 221410)
schiari@srclaw.com
Adrianna A. Rubino (SBN 300951)
arubino@srclaw.com
**SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: 415-549-0580
Facsimile: 415-549-0640

*Attorneys for Petitioners*
Al Jazeera America, LLC, Al Jazeera Media
Network, Al Jazeera International (USA) Inc.,
and Deborah Davies

FILED
OCT 12 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 18 80181 MISC  TSH

| | |
|---|---|
| AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES<br><br>Petitioners,<br><br>vs.<br><br>MCKESSON CORPORATION<br><br>Respondent. | Case No. _____<br><br>CASE IN OTHER COURT:<br>*Ryan W. Zimmerman, et al. v. Al Jazeera America, LLC, et al.*, Case No. 16-cv-00013 (KBJ) (RMM) (D.D.C.)<br><br>**PETITIONERS AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Documents Filed/Lodged Herewith:<br>1. Declaration of Stephen A. Chiari<br>2. [Proposed] Order |

**PETITIONERS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA) LLC, and Deborah Davies (collectively, the "Al Jazeera Petitioners") submit this Administrative Motion to File Under Seal portions of the Al Jazeera Petitioners' Motion to Compel Discovery from McKesson Corporation ("Motion to Compel")[1] and six exhibits attached to the Declaration of Stephen A. Chiari in support of the Motion to Compel ("Chiari Declaration ISO Motion to Compel")[2] on the grounds that the Motion to Compel and the exhibits contain information that has been designated by other parties (not the Al Jazeera Petitioners) as "Highly Confidential" under the terms of a protective order that was issued by the District Court for District of Columbia. This motion is supported by the Declaration of Stephen A. Chiari filed herewith ("Chiari Declaration ISO Administrative Motion").

## II. BACKGROUND

The Al Jazeera Petitioners are Defendants in two consolidated actions pending in the U.S. District Court for the District of Columbia ("D.C."), styled as *Ryan W. Zimmerman, et al. v. Al Jazeera America, LLC, et al.*, Case Nos. 16-cv-00013 and 16-cv-00014 (KBJ) (RMM) (the "Underlying Actions"). The Al Jazeera Petitioners have subpoenaed records from non-party McKesson Corporation ("McKesson"), located at One Post Street, San Francisco, California 94104 (the "Subpoena"). To date, McKesson has failed to produce any documents. Consequently, the Al Jazeera Petitioners request, through their Motion to Compel, that the Court

---

[1] The Al Jazeera Petitioners seek to file under seal the following portions of the Motion to Compel: p. i:15, p. 3:16-21; portions of fn. 6 at p. 3:27-28; p. 4:1-9, 11-14; portions of fn. 7 at p. 4:18-19; p. 5:1-9; portions of fn. 17 at p. 5:23-25; p. 6:7-14, 16-19; portions of fn. 19 at p. 6:21-22; portions of fn. 20 at p. 6:25; portions of fn. 23 at p. 6:27; portions of fn. 24 at p. 6:28; p. 7:3-4; p. 8:7-8, 13; p. 9:8-11, 14, 21-22, 27; p. 10:1. *See* Chiari Declaration ISO Administrative Motion, ¶ 4.

[2] As is set forth in detail in the Chiari Declaration ISO Administrative Motion, the Al Jazeera Petitioners seek to file under seal the entirety of Exhibits B, D, E, and G to the Chiari Declaration ISO Motion to Compel and seek to file the under seal portions of Exhibit H (p. 46:7-48:5, 66:3-67:25, 102:14-103:10) and Exhibit N (p. 194:3-195:2) to the Chiari Declaration ISO Motion to Compel. *See* Chiari Declaration ISO Administrative Motion, ¶¶ 5-10.

1

**PETITIONERS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

order McKesson to produce all non-privileged documents that are responsive to the Subpoena. In their Motion to Compel, the Al Jazeera Petitioners reference evidence that has been produced in the Underlying Actions that is subject to a revised protective order entered in the Underlying Actions. Likewise, the Chiari Declaration ISO Motion to Compel attaches evidence that has been produced in the Underlying Actions that is subject to a revised protective order entered in the Underlying Actions. In other words, the Motion to Compel and Chiari Declaration ISO Motion to Compel contain information and documents that have been designated as "Highly Confidential" and would place the Al Jazeera Petitioners in violation of a revised protective order in the Underlying Actions if such information and documents are disclosed in the public record. Accordingly, the Al Jazeera Petitioners seek to file portions of the Motion to Compel and Chiari Declaration ISO Motion to Compel under seal.

## III. ARGUMENT

### A. Legal Standard

Civil Local Rule 79-5.2 allows a party to seek approval to file documents under seal in civil cases. Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Schwartz v. Cook*, No. 5:15-CV-03347-BLF, 2016 WL 1301186, at *1 (N.D. Cal. Apr. 4, 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). It is well-established, however, that "access to judicial records is not absolute" and that certain types of non-public, commercially sensitive documents may be protected from public disclosure. *See Kamakana*, 447 F.3d at 1178; *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

The Ninth Circuit has ruled that two standards govern motions to seal portions of documents: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive motions. *Kamakana*, 447 F.3d at 1179; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Phillips Ex Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). A court will find that the

PETITIONERS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

"good cause" standard is met where documents and information contained therein are subject to a protective order. *See Allen v. City of Oakland*, No. 00–cv–04599 TEH (NC), 2012 WL 5949619, at *1 (N.D. Cal. Nov. 28, 2012) (citing *Phillips*, 307 F.3d at 1213 for the position that "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.")

    **B.    The Revised Protective Order In the Underlying Actions Is Clear That the Information Referenced In the Motion to Compel and the Documents Attached to the Chiari Declaration ISO Motion to Compel Cannot Be Publicly Disclosed**

A revised protective order has been entered in the Underlying Actions (the "Revised Protective Order"). *See* Chiari Declaration ISO Administrative Motion, ¶ 3, Exh. 1. This Revised Protective Order is clear that information, documents, or materials that are designated as "Highly Confidential Information" shall not be disclosed to any third person or entity except: (1) outside counsel; (2) in-house counsel; (3) authors and recipients; (4) the court and its personnel; (5) court reporters and recorders; (6) professional vendors; (7) experts; and (8) others by consent. With respect to the latter category, in particular, the Revised Protective Order demands: "Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound." *Id.*

Here, the exhibits attached to the Chiari Declaration ISO Motion to Compel, which are also referenced and quoted in the Motion to Compel, have been designated by Plaintiffs Ryan Howard and Ryan Zimmerman or Dr. George "Bino" Rucker as "Highly Confidential Information." Pursuant to the Revised Protective Order, the Al Jazeera Petitioners cannot disclose this information and documents to others, including publicly, without the consent of Howard, Zimmerman, and Rucker, respectively.[3] To submit such information and documents

---

[3] The Al Jazeera Petitioners note that while there is a pending motion to de-designate certain materials (*see* Dkt. 104 of the underlying Actions) currently designated as "Highly Confidential" pursuant to the terms of the Revised Protective Order, the Court in the Underlying Actions is yet to rule on this motion. Consequently, the Al Jazeera Petitioners must comply with the terms of the Revised Protective Order.

PETITIONERS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

into the public record would violate the Revised Protective Order.

## IV. CONCLUSION

For the foregoing reasons, the Al Jazeera Petitioners respectfully request that the Court grant their Administrative Motion to file under seal the aforementioned portions of the Motion to Compel and the six exhibits attached to the Chiari Declaration ISO Motion to Compel.

Dated: October 12, 2018

SACKS, RICKETTS & CASE LLP

By: _____
STEPHEN A. CHIARI
ADRIANNA A. RUBINO
*Counsel for Petitioners*
Al Jazeera America, LLC,
Al Jazeera Media Network, Al Jazeera
International (USA), Inc., and Deborah Davies